# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4315 | **DATE** | July 15, 2010 |
| **CASE TITLE** | Michael Hall (B-40832) vs. Brown, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed with prejudice.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

Although the clerk has accepted this *pro se* complaint for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, Plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis*. Effective April 26, 1996, the Prison Litigation Reform Act ("PLRA") significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.

**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed**. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:
  (A)  the average monthly deposits in the prisoner's account; or
  (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, **plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

In sum, consistent with the foregoing discussion, Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee.

## STATEMENT

    In addition, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff first alleges that Dorothy Brown, the Clerk of the Circuit Court of Cook County, is not providing him "statements" of his cases prepared by the State's Attorney's Office. Plaintiff also alleges that Brown has concealed certain facts regarding Plaintiff's incarceration and preliminary hearing. Next, Plaintiff includes a request for relief that includes a copy of his preliminary transcripts at no cost and monetary damages. Plaintiff then includes additional pages in which he: (1) discusses the withdrawal of an attorney, (2) seeks a transfer to a different prison because four prisoners have "mysteriously" died since December 17, 2008, (3) alleges that he fears for his safety apparently because he has filed multiple lawsuits, and (4) refers without further explanation to being stripped naked in front of a psychologist. Plaintiff identifies Dorothy Brown as a Defendant in the caption of his complaint but includes a page of "additional defendants" including Donald Gaetz, Police Officer Lee, Cook County State's Attorney Heather Bruald-Joy Repella, and court reporter Joseph A. Szylist. Plaintiff does not identify any Defendants, except Dorothy Brown, in the statement of his claim.

    As it now stands, Plaintiff's complaint is not sufficient. As demonstrated by the summary of allegations set forth above, it is not clear what specific claim(s) Plaintiff is attempting to bring in this suit nor against whom. However, it does appear that the complaint on file contains misjoined claims and Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances and admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *Id*. at 607. In this case, too, Plaintiff has submitted a meandering complaint challenging multiple aspects of his confinement. This is improper for the reasons explained in *George*:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated Defendants cannot stand. *Id*. at 606. However, as explained below, Plaintiff will be given an opportunity to submit an amended complaint that complies with the PLRA, as construed in *George*.

    In addition, it appears that Plaintiff already brought suit in this Court against Dorothy Brown regarding information that he is seeking regarding his state-criminal proceedings. That case, *Hall v. Cook County Clerk's Employees*, Case No. 10 C 3652, was dismissed for failure to state a claim in a minute order entered by Judge Kendall on June 25, 2010).

    Finally, none of Plaintiff's minimal allegations sufficiently state a claim. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Here, Plaintiff does not indicate when the alleged conduct occurred and who participated in such conduct. Thus, Plaintiff fails to give the Defendant(s) fair notice of the claim(s) against them.

    Because of the deficiencies noted above, Plaintiff's complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint.

| STATEMENT |
|---|
| Any exhibits that Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br>      In sum, on or before 30 days from the date of this order, Plaintiff must (1) either file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or pay the full $350 filing fee **and** (2) submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed with prejudice. However, Plaintiff still will be responsible for paying the filing fee. |